UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dawn M. Zibolis-Sekella

         v.                              Civil No. 12-cv-228-JD

Kevin R. Ruehrwein et al.


O R D E R

Following the death of Alisha F. Zibolis, her mother, Dawn
M. Zibolis-Sekella, sued Kevin R. Ruehrwein and Clifford W.
Perham, Inc. ("Perham"), alleging claims for negligence and
negligence per se against Ruehrwein and claims for respondeat
superior and negligent hiring, training, and supervision against
Perham.  The defendants move for summary judgment as to Zibolis-
Sekella's claim for negligent hiring, training, and supervision
against Perham.  Zibolis-Sekella objects to the motion.


Background

On January 20, 2011, Alisha Zibolis was driving her car
eastbound on Wilton Road approaching the intersection of Route
101 in Milford, New Hampshire.  In the course of his employment
with Perham, Ruehrwein, operating a tractor-trailer owned by
Perham, was traveling on Route 101 and approaching the same
intersection.  There is a stoplight at the intersection.

As Zibolis drove through the intersection, the tractor-
trailer crashed into her car.  Zibolis died from her injuries
sustained during the accident.

Zibolis-Sekella is the duly appointed administrator of her
daughter's estate.  She sues on her own behalf and on behalf of
the estate.  She asserts four claims: Count I alleges negligence
against Ruehrwein; Count II alleges negligence per se against
Ruehrwein; Count III alleges liability based on respondeat
superior against Perham; and Count IV alleges negligence against
Perham based on its training, hiring, and supervision of
Ruehrwein, and its failure to adequately drug test Ruehrwein.

### Standard of Review

Ordinarily, summary judgment is appropriate if the moving
party "shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a).  In this case, however, the defendants
have not addressed whether there is a dispute as to any material
fact.[1]  Rather, the defendants seek summary judgment based on an

---

[1]The defendants contend in their reply memorandum that
Zibolis-Sekella is "unable to delineate a set of circumstances
that would necessitate the maintenance of the negligent hiring
claim."  Reply Mem. at 3.  Even if that statement could be
considered an argument as to Zibolis-Sekella's lack of
evidentiary support for her negligent hiring, training, and

issue of law without reference to the particular facts in this
case.

### Discussion

The defendants seek summary judgment as to Zibolis-Sekella's
claim in Count IV for negligent hiring, training, and supervision
against Perham.  The defendants argue that the claim is barred as
a matter of law because Perham has admitted that Ruehrwein was
acting within the scope of his employment at the time of the
accident, which will make Perham vicariously liable for
Ruehrwein's negligence.  Zibolis-Sekella objects, arguing that an
employer's admission of vicarious liability for an employee's
negligence does not preclude a claim for negligent hiring,
training, and supervision against the employer.

Under New Hampshire law, "an employer may be held
vicariously responsible for the tortious acts of its employee
[under the doctrine of respondeat superior] if the employee was
acting within the scope of his or her employment when his or her
tortious act injured the plaintiff."  Pierson v. Hubbard, 147

---

supervision claim, "[t]his court ordinarily does not consider
arguments raised for the first time in a reply memorandum and
sees no reason to do so here."  Contour Design, Inc. v. Chance
Mold Steel Co. Ltd., 2011 WL 1564612, at *6 (D.N.H. Apr. 25,
2011).

N.H. 760, 766 (2002).  "The basis for a claim of negligent
employment or supervision brought against an employer where the
employee harms a third party is not the vicarious liability of
the doctrine of respondeat superior, but a separate theory of
employer liability.  Thus, claims for negligent hiring, training,
and supervision encompass direct liability as a result of the
misconduct of the employee."  Tessier v. Rockefeller, 162 N.H.
324, 343 (2011) (quoting Exeter Hosp. v. N.H. Ins. Guaranty
Assoc., 158 N.H. 400, 405 (2009)).  In other words, "[i]n a given
case, the employer may be liable both on the ground that he was
personally negligent and on the ground that the conduct was
within the scope of employment."  Restatement (Second) of Agency
§ 213 cmt. a (1958); see also Trahan-Laroche v. Lockheed Sanders,
Inc., 139 N.H. 483, 485 (1995).

     The issue raised in the defendants' summary judgment motion
is whether a plaintiff can maintain a claim against an employer
for negligent hiring, training, and supervision when the employer
has admitted vicarious liability for the employee's negligence.
The New Hampshire Supreme Court has not directly addressed the
issue.  "[O]ther jurisdictions are split on the question of
whether a plaintiff may pursue a negligence claim based on the
theory of negligent hiring, retention, training, and supervision
where the defendant has admitted vicarious responsibility for the

acts of its agents or employees under the doctrine of respondeat
superior."  Parrick v. FedEx Grounds Package Sys., Inc., 2010 WL
1981451, at *2 (D. Mont. Apr. 21, 2010).

The majority of jurisdictions that have considered the issue
do not allow a plaintiff to proceed on a negligent hiring and
supervision claim when the employer admits that the defendant
employee "was acting within the course and scope of his
employment at the time of the accident."  Lee v. J.B. Hunt
Transport, Inc., 308 F. Supp. 2d 310, 315 (S.D.N.Y. 2004); see
also Adele v. Dunn, 2013 WL 1314944, at *1-*2 (D. Nev. Mar. 27,
2013); Brown v Tethys Bioscience, Inc., 2012 WL 4606386, at *6
(S.D. W.Va. Oct. 1, 2012); Davis v. Macey, 901 F. Supp. 2d 1107,
1111 (N.D. Ind. 2012).  "The rationale is that the employer's
liability is a derivative claim fixed by a determination of the
employee's negligence."  Cruz v. Durbin, 2011 WL 1792765, at *3
(D. Nev. May 11, 2011) (internal citation omitted).  Therefore,
courts following the majority rule have determined that "evidence
of negligent hiring, training, supervision or retention becomes
unnecessary, irrelevant, and prejudicial" if the employer has
already admitted vicarious liability under respondeat superior.
Akhalia v. Guardia, 2013 WL 2395974, at *6 (E.D.N.Y. May 31,
2013) (internal quotation marks and citation omitted); see also
Simmons, Inc. v. Pinkerton's, Inc., 762 F.2d 591, 601-02 (7th

Cir. 2005) ("allowing the plaintiff to offer proof of the negligent hiring/entrustment poses the potential for unfair prejudice").

A minority of jurisdictions, however, have allowed "claims of respondeat superior and claims of negligent hiring to proceed in the same action" even when the employer admits that it would be vicariously liable for the employee's negligence.  Fairshter v. Am. Nat'l Red Cross, 322 F. Supp. 2d 646, 654 (E.D. Va. 2004); see also Poplin v. Bestway Express, 287 F. Supp. 2d 1316, 1319 (M.D. Ala. 2003); Stallings v. Werner Enters., Inc., 598 F. Supp. 2d 1203, 1213 (D. Kan. 2009); Becker v. Estes Exp. Lines, Inc., 2008 WL 701388, at *4 (D.S.C. Mar. 13, 2008).  "Those jurisdictions following the minority rule have done so in part based on the notion that a claim for negligent hiring, retention, training and supervision is premised on an employer's direct liability, as opposed to a claim under the theory of respondeat superior pursuant to which an employer's liability is derivative of the negligent acts of an employee acting within the scope of employment."  Parrick, 2010 WL 1981451, at *3.

Although the New Hampshire Supreme Court has not directly addressed the issue, it has held that a municipality can be liable for negligent entrustment based on the actions of an employee even when the employee was not negligent.  In Cutter v.

6

Town of Farmington, 126 N.H. 836 (1985), the plaintiff brought claims against a police officer and the town that employed him after the plaintiff was injured by handcuffs which were not properly locked.  Id. at 838-39.  The jury found that the officer was not negligent but that the town negligently entrusted him with police duties.  Id. at 838.  The New Hampshire Supreme Court affirmed, noting that such an outcome is possible "where the untutored agent unwittingly causes injury which was a risk of harm attendant to the employment which the principal had reason to foresee."  Id. at 841.

The First Circuit, interpreting Cutter in the context of a traffic accident, concluded that claims such as negligent hiring, training, and supervision cannot be maintained unless the evidence establishes that "the reasons for the employer's negligent [hiring, training, and supervision] . . . were proximate causes of the accident."  Sierra v. Richard L. Hodges, Inc., 2011 WL 1051059, at *1 (D.N.H. Mar. 23, 2011) (discussing Estate of Melucci v. Brown, 946 F.2d 144, 146 (1st Cir. 1991)). The First Circuit suggested that it would be unusual for an employer in a traffic accident case to be liable for negligent hiring and supervision when the employee was not negligent, but did not hold that it was legally impossible.  See Estate of Melucci, 946 F.2d at 146.

The defendants move for summary judgment on the sole ground that a plaintiff cannot maintain a claim for negligent hiring, training, and supervision against an employer once the employer admits that it would be vicariously liable for its employee's negligence.  Under Cutter and Estate of Melucci, however, such a claim may be unusual but it is not barred as a matter of law.  If Zibolis-Sekella could prove that Perham's negligent hiring, training, or supervision of Ruehrwein proximately caused the accident, Perham could be liable.  See Sierra, 2011 WL 1051059, at *1 ("[T]he fact that Lydem was operating without a driver's license was not a proximate cause of the accident.  Accordingly, Hodges' alleged negligence in either failing to detect the fact that Lydem's license had been suspended or allowing him to operate the vehicle with a suspended license also cannot have been a proximate cause of the accident.").  Therefore, Perham's admission of vicarious liability for Ruehrwein's negligence does not entitle the defendants to summary judgment on Zibolis-Sekella's negligent hiring, training, and supervision claim against Perham.

As noted above, the defendants' motion for partial summary judgment presents only a legal question without reference to the particular facts or evidence in this case.  Therefore, no determination has been made as to whether there is evidence to

8

prove the claim.  The defendants have not shown that they are
entitled to partial summary judgment as a matter of law.


                           Conclusion

      For the foregoing reasons, the defendants' motion for
partial summary judgment (document no. 8) is denied.


      SO ORDERED.


                                   _____
                                   Joseph A. DiClerico, Jr.
                                   United States District Judge

June 24, 2013


cc:   Robert M. Parodi, Esquire
      Hector E. Zumbado, Esquire