UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dawn M. Zibolis-Sekella,
Administrator of the Estate
of Alisha F. Zibolis

    v.                              Civil No. 12-cv-228-JD

Kevin R. Ruehrwein and
Clifford W. Perham, Inc.


O R D E R

    Dawn M. Zibolis-Sekella, as the administrator of the estate of her daughter, Alisha F. Zibolis, brought a wrongful death suit against Kevin R. Ruehrwein and his employer, Clifford W. Perham, Inc. ("Perham"). Zibolis-Sekella moves to compel Ruehrwein to produce certain medical records or provide signed authorizations for release of those records. In support of her motion, Zibolis-Sekella moved for leave to file a reply, and Ruehrwein objects. Zibolis-Sekella also filed an assented-to motion to supplement the proposed reply.

    A memorandum in reply to an objection to a nondispositive motion requires leave of court. LR 7.1(d)(2). The purpose of a reply memorandum is to respond to arguments or theories raised in the objection. Wills v. Brown Univ., 184 F.3d 20, 27 (1st Cir. 1999). In contrast, a reply cannot be used to make new arguments or raise new theories that could and should have been included in

the motion.  Id.; Noonan v. Wonderland Greyhound Park Realty LLC, 723 F. Supp. 2d 298, 349 (D. Mass. 2010).

In the proposed reply memorandum, Zibolis-Sekella responds to Ruehrwein's argument that his medical records are not discoverable because they are protected by privilege, which he has not waived, and because the records are not relevant. Zibolis-Sekella argues that Ruehrwein waived the physician-patient privilege, that the medical records pertaining to Ruehrwein's prescription and use of Suboxone are relevant to her claims, and that new evidence obtained during depositions taken after the motion to compel was filed supports her claims. Ruehrwein objects to the motion for leave to reply on the ground that Zibolis-Sekella improperly raises new arguments in the reply and has not shown good cause to be allowed to file a reply.

Zibolis-Sekella responds to Ruehrwein's objection in the reply and does not raise new arguments outside the scope of the objection.  The new evidence from depositions taken after the motion to compel was filed could not have been included with that motion.  Therefore, leave is granted to file the reply.

The motion to supplement corrects a misrepresentation made by Zibolis-Sekella in her proposed reply.  Specifically, Zibolis-Sekella stated that a Perham employee had testified during his deposition "that a driver should not operate a commercial vehicle

2

while on Suboxone as it is 'dangerous.'" Proposed Reply at 5. After receiving the transcript of the deposition, Zibolis-Sekella realized that the employee did not so testify during his deposition. In her motion to supplement, Zibolis-Sekella asks to delete the paragraph that includes the misrepresentation and to substitute a new paragraph.

Zibolis-Sekella shall file a revised reply as proposed by the motion to supplement.

## Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file a reply (document no. 26) is granted. The plaintiff's assented-to motion to supplement the reply (document no. 27) is also granted.

The plaintiff shall file a revised reply in which the last paragraph before the conclusion on page 5 of the reply is deleted and the replacement paragraph as proposed in the assented-to motion to supplement is added.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 17, 2013

cc: Robert M. Parodi, Esquire
    Hector E. Zumbado, Esquire