UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Dawn M. Zibolis-Sekella,
Administrator of the Estate
of Alisha F. Zibolis</u>

   v.         Civil No. 12-cv-228-JD
               Opinion No. 2013 DNH 096

<u>Kevin R. Ruehrwein and
Clifford W. Perham, Inc.</u>

<u>O R D E R</u>

Dawn M. Zibolis-Sekella, as the administrator of the estate of her daughter, Alisha F. Zibolis, brought a wrongful death suit against Kevin R. Ruehrwein and his employer, Clifford W. Perham, Inc. ("Perham"), alleging claims for negligence and negligence per se against Ruehrwein and claims for respondeat superior and negligent hiring, training, and supervision against Perham.  The claims arise from the circumstances of Zibolis's death in a collision with a truck driven by Ruehrwein.  Zibolis-Sekella moves to compel Ruehrwein to provide certain medical records or provide signed authorizations for release of those records, and Ruehrwein objects.

## Standard of Review

"Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . ."  Fed. R. Civ. P. 26(b)(1).  "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Id.

## Background

On January 20, 2011, Alisha Zibolis was killed when the car she was driving collided with the truck driven by Kevin Ruehrwein at the intersection of Route 101 and Wilton Road in Milford, New Hampshire.  The parties dispute who had the green light at the time of the accident.  Testing on blood drawn from Zibolis and Ruehrwein following the accident showed that Zibolis had Oxycodone in her system and that Ruehrwein had Suboxone in his system.

2

In this action, Zibolis-Sekella alleges that Ruehrwein was negligent in failing to stop for a red light at the intersection, in failing to operate the truck at a reasonable speed, in failing to yield the right of way, in failing to keep a proper look out, in failing to keep the truck under control, in failing to avoid the collision, and in driving under the influence of a controlled drug.  On February 20, 2013, Zibolis-Sekella propounded interrogatories to Ruehrwein that asked, in pertinent part:

> For every health care provider who has treated or examined the defendant during the last 10 (ten) years for any condition please state for each treatment or examination the following:
>
> a.   The health care provider's name;
> b.   The health care provider's address;
> c.   The treatment or examination received;
> d.   The date(s) of treatment or examination;
> e.   Any prescription received; and
> f.   The reason for treatment or examination.
>
> Please attach hereto properly executed Authorization to Use or Disclose Protected Health Information form for each health care provider listed above.

In response, counsel for Ruehrwein wrote:

> **Objection by Counsel:** The Defendant objects to this interrogatory.  The Defendant is not the one making a claim for personal injury.  The Defendant is not asserting a defense of medical emergency of any other defense involving his medical or health condition. While the Defendant's medical condition on the date in question may be relevant, the request of "10 (ten) years for any condition" is overly broad and unduly burdensome.  Furthermore, it is an unreasonable intrusion of the Defendant's protected/privileged health information.  Finally, it is not reasonably

3

calculated to discover any relevant or admissible evidence regarding the claims and defenses asserted in this case.

Counsel for Zibolis-Sekella wrote to counsel for Ruehrwein on April 3, 2013, requesting specific information, including the "Complete CDL Medical Examination Report of [Ruehrwein] for 2012," "Complete medical records of [Ruehrwein] from Stanley J. Evans, MD," "Complete medical records of [Ruehrwein] from Mercy Hospital Portland, Maine," "Complete medical records of [Ruehrwein] from Workwell Southern Maine Medical Center Biddeford, Maine," "Name of doctor that [Ruehrwein] saw in 2004-2005 in Scarborough Maine together with his or her records regarding [Ruehrwein]," and documents regarding Ruehrwein's use of Suboxone.  On May 15, counsel for Ruehrwein responded and provided the 2012 CDL report, stated that documents and information about Ruehrwein's use of Suboxone had been provided, and reiterated the objection to providing other medical records based on privilege and the scope of discovery.

## Discussion

As a preliminary matter, the motion to compel does not include the certification that is required by Rule 37(a)(1). Neither party addressed that omission.  Despite Zibolis-Sekella's failure to comply with Rule 37(a)(1), the court will consider the

4

motion because the correspondence between counsel shortly before the motion was filed shows that the remaining issues likely would not have been resolved without court action.

Zibolis-Sekella asks the court to compel Ruehrwein to produce certain medical records or provide signed authorizations for the release of those records.  Ruehrwein objects to the motion on the grounds that the records are protected by the physician-patient privilege, that he has not waived the privilege, and that the records are not relevant to Zibolis-Sekella's claims.  In her reply, Zibolis-Sekella addresses physician-patient privilege and presents new evidence, from depositions taken after her motion was filed, to show that the records are relevant.

A.  <u>Physician-Patient Privilege</u>

"[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 501.  New Hampshire recognizes a physician-patient privilege as follows:

> The confidential relations and communications between a physician or surgeon licensed under provisions of this chapter and the patient of such physician or surgeon are placed on the same basis as those provided by law between attorney and client, and, except as otherwise provided by law, no such physician or surgeon shall be required to disclose such privileged communications.

The physician-patient privilege may be waived if the holder of the privilege "injects his privileged communications into the case such that it was required for resolution of the . . . claim." Desclos v. S. N.H. Med. Ctr., 153 N.H. 607, 613 (2006). Alternatively, a party seeking privileged information may overcome the privilege by showing that the information sought is "essential".  Id. at 616 (discussing psychotherapist-patient privilege); see also In re State, 162 N.H. 64, 69 (2011); Nelson v. Lewis, 130 N.H. 106, 109 (1987).  The party asserting a privilege bears the burden of showing that the privilege applies and has not been waived, but the party seeking to overcome the privilege bears the burden of showing that the information is essential.  See Desclos, 153 N.H. at 613-15; see also Walker v. N.H. Admin. Office of the Courts, 2013 WL 672584, at *3 (D.N.H. Feb. 22. 2013); Hebbard v. City of Dover, 2007 WL 2344833, at *2 (D.N.H. Aug. 13, 2007)

Zibolis-Sekella does not dispute that the physician-patient privilege would apply to the medical records she seeks.  She argues, however, that Ruehrwein waived the privilege by stating in his answer that he "properly exercised all common law and statutory duties of care" and by denying her allegation in her complaint that Ruehrwein breached his duties of care by driving under the influence of a controlled drug.  Ruehrwein contends

that he did not waive the physician-patient privilege because he has not put his past or present medical condition at issue in the case and Zibolis-Sekella cannot force him to waive the privilege by raising medical issues.

Ruehrwein interprets <u>Desclos</u>, 153 N.H. at 613, and <u>In re State</u>, 162 N.H. at 69-70, to establish that the holder of a physician-patient privilege impliedly waives the privilege only by bringing a cause of action that requires disclosure of the privileged information. The holdings are not that clear, however, as neither case directly addressed the question raised here of whether a defendant in a civil case impliedly waives the physician-patient privilege by denying a medical issue that is alleged by the plaintiff.

Nevertheless, under New Hampshire law, waiver is limited to those who inject their confidential information into a case. <u>Desclos</u>, 153 N.H. at 613. In this case, Zibolis-Sekella raised the issue of Ruehrwein's drug use in the allegations of the complaint. As such, Zibolis-Sekella injected the issue into the case, and Ruehrwein merely responded to her allegations without raising any additional medical issues.[1] These circumstances

---

[1]Zibolis-Sekella also argues that Ruehrwein inserted confidential matters into the case by referring to his CDL examinations in his motion in limine to exclude Dr. Benjamin's testimony. Ruehrwein, however, submitted copies of those

would not appear to support an implied waiver of the physician-patient privilege under New Hampshire law.  Therefore, Ruehrwein has carried his burden of showing that the physician-patient privilege protects the information Zibolis-Sekella seeks.

B.   Overcoming the Privilege

Zibolis-Sekella does not address the alternative avenue for seeking protected information by overcoming the physician-patient privilege with a showing that the requested information is essential.  Zibolis-Sekella would bear the burden of overcoming a properly asserted privilege, which she has not done.

C.   Relevance

In this district, the party moving to compel production bears the burden of showing that the information he or she seeks is relevant for purposes of discovery.  See Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005). Even if Ruehrwein had waived the privilege on the issues of whether he complied with all common law and statutory duties of

---

examination reports with his motion.  Therefore, to the extent Ruehrwein waived the privilege as to those records, they have been disclosed.  Zibolis-Sekella makes no argument that those records are incomplete, nor does she invoke Federal Rule of Evidence 502.

care and breached a duty of care by driving under the influence of a controlled drug, Zibolis-Sekella has not shown that the information she seeks would be both within the scope of the implied waiver and discoverable.

"Parties may obtain discovery regarding any nonprivleged matter that is relevant to any party's claim or defense . . . [which] need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "'[Implied waiver is only partial. It extends not to all information given in the course of treatment, but only to what is relevant to the patient's claim.'" <u>Desclos</u>, 153 N.H. at 615 (quoting <u>Nelson</u>, 130 N.H. at 110).

The accident at issue in this case occurred on January 20, 2011. Zibolis-Sekella alleges that Ruehrwein was negligent and negligent per se in causing the accident because he was driving the truck under the influence of Suboxone. If Ruehrwein had impliedly waived the physician-patient privilege by denying that he was under the influence of Suboxone at the time of the accident, the scope of his implied waiver would be limited to the medical records that are pertinent to his condition at the time of the accident in January of 2011. Zibolis-Sekella does not explain how such a limited waiver would allow discovery of all of

Ruehrwein's medical records from Dr. Stanley J. Evans, Mercy Hospital, and Workwell Southern Maine Medical Center or his CDL Medical Reports for 2004, 2006, 2008, 2010, and 2012.[2]

Further, Zibolis-Sekella has not shown that the broad range of medical records she seeks are within the scope of discoverable information under Rule 26(b)(1). "To recover for negligence, a plaintiff must demonstrate that the defendant has a duty, that he breached that duty, and that the breach proximately caused injury to the plaintiff." Pesaturo v. Kinne, 161 N.H. 550, 557 (2011). "When an action exists at common law, the negligence per se doctrine may define the standard of conduct to which a defendant will be held as that conduct required by a particular statute, either instead of or as an alternative to the reasonable person standard." Mahan v. N.H. Dep't of Admin. Servs., 141 N.H. 747, 754 (1997). Therefore, under ordinary negligence or negligence per se, the breach of the duty must proximately cause the plaintiff's injury.

Zibolis-Sekella alleges that Ruehrwein breached his duty to act reasonably and a statutory duty not to drive while under the influence of a controlled drug, Suboxone. Presumably, Zibolis-

---

[2]Zibolis-Sekella also does not explain why she continues to seek disclosure of the CDL examination records when Ruehrwein apparently provided those with his motion in limine to exclude the testimony of Dr. Benjamin.

Sekella seeks Ruehrwein's medical records to show that he was taking Suboxone at the time of the accident, although that fact appears to be undisputed. To prove her claim, Zibolis-Sekella will also have to show that Ruehrwein's use of Suboxone at the time of the accident was a proximate cause of the accident. Zibolis-Sekella has not shown how other medical records pertaining to a change in medication after the accident or to treatment long before the accident are relevant to her claim.

For example, Zibolis-Sekella argues that the records for Ruehrwein's CDL examinations beginning in 2004 are "highly relevant" because he was required to have a satisfactory examination to hold his license and failed to tell the examiners that he had been prescribed Suboxone for an opiate addiction. While that may be true, Zibolis-Sekella has not shown how a possible failure to pass an examination or to disclose a prescribed medication in the past is causally related to the accident in 2011. Zibolis-Sekella also argues that medical records "regarding Suboxone are highly relevant as [Ruehrwein] has an opioid [sic] addiction for which Suboxone is necessary for treatment." Again, Zibolis-Sekella has not shown why an addiction treated by Suboxone is causally related to the accident.

Zibolis-Sekella also argues that she is entitled to review the records to see if Ruehrwein was compliant with his dosing instructions.  The record evidence is that Ruehrwein's blood sample taken at the time of the accident showed Suboxone levels that were consistent with his prescribed dose.  That being the case, Zibolis-Sekella does not explain why any records of noncompliant use in the past would be relevant.

D.   <u>Summary</u>

Ruehrwein has shown that the physician-patient privilege protects the medical records Zibolis-Sekella seeks and that he has not waived the privilege.  Zibolis-Sekella did not argue that the medical records were "essential" for the purpose of overcoming the protection of the physician-patient privilege.  In addition, even if the privilege had been impliedly waived, Zibolis-Sekella did not carry her burden to show that the records she seeks are discoverable.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to compel (document no. 20) is denied.


SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 17, 2013

cc:  Robert M. Parodi, Esquire
     Hector E. Zumbado, Esquire

13