UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Dawn M. Zibolis-Sekella,
Administrator of the Estate
of Alisha F. Zibolis

v. Civil No. 12-cv-228-JD

Kevin R. Ruehrwein and
Clifford W. Perham, Inc.

PROCEDURAL ORDER

On May 31, 2013, Dawn M. Zibolis-Sekella filed motions in limine seeking to exclude the testimony and opinions of two of the defendants' experts: Robert Duval, a Chief Engineer with TFM Engineering, and Sergeant Kevin Furlong, a police officer with the Milford, New Hampshire, Police Department. The defendants objected to both motions.

Zibolis-Sekella challenges Duval's qualifications to give an "expert opinion that it is not possible to say with a reasonable degree of scientific certainty who had the right of way in the above-captioned motor vehicle accident." She argues that Duval is not an expert on "the operation of traffic signal timing and sequence" and is not a qualified accident reconstructionist. Although Duval is apparently an experienced engineer who has done work related to traffic, the defendants have not shown that he is qualified to render his "opinion that the video by itself is

inconclusive in determining which driver had the red signal at the time of the crash." Duval Report at 3; see SMD Software, Inc. v. Emove, Inc., --- F. Supp. 2d ---, 2013 WL 1332432, at *7 (E.D.N.C. Mar. 29, 2013) (the relevant question is whether "a purported expert witness has . . . satisfactory knowledge, skill, experience, training [or] education on the issue for which the opinion is proffered . . . .") (internal citations and quotations marks omitted) (emphasis added).

Zibolis-Sekella contends that Furlong is not qualified to give expert testimony because he "specifically denies being an expert or performing any accident reconstruction" in his deposition testimony. She further argues that Furlong's opinion is based solely on witness statements, rather than on "scientific evidence," and is therefore unreliable.[1] Although the defendants discuss Furlong's experience and training, they do not show what is required to qualify Furlong as an expert in accident investigations. In addition, although the defendants discuss

[1]Zibolis-Sekella frames her challenge to Furlong's methodology as an argument as under Federal Rule of Evidence 701, which pertains to lay opinions. Her argument, however, focuses largely on his failure to use "scientific evidence," and is therefore better characterized as a challenge to Furlong's methodology under Rule 702. See Fed. R. Evid. 701 (allowing for lay opinion testimony under certain circumstances, including when the opinion is "not based on scientific . . . knowledge within the scope of Rule 702.").

Furlong's methodology, they have not provided a sufficient basis to show that methodology is reliable.[2]

## Conclusion

A hearing is necessary to determine whether Duval or Furlong is qualified to give the opinions the defendants seek. See Daubert, 509 U.S. at 592-93. A hearing will be held on Wednesday, August 28, 2013, at 10:00 a.m. on Zibolis-Sekella's motion in limine to exclude the testimony of Robert Duval (document no. 13) and her motion in limine to exclude the testimony and opinion of Kevin Furlong

[2]For example, the parties did not address whether Furlong's methodology contained any of the indicia of reliability recognized by the Supreme Court, including 1) whether the expert's techniques can or have been tested; (2) whether the techniques have been the subject of peer review; (3) whether the techniques have been generally accepted in the relevant scientific community or industry; and (4) with respect to a particular technique, whether and to what extent there is a known or potential rate of error, and whether there are standards controlling the operation of the technique. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-94 (1993).

(document no. 14). Counsel would be well-advised to familiarize themselves with the Daubert requirements prior to the hearing.[3]

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

July 30, 2013

cc: Robert M. Parodi, Esquire
Hector E. Zumbado, Esquire

[3]The defendants, as proponents of the expert witnesses, bear the burden of proving the admissibility of their opinions. See Daubert, 509 U.S. at 592