UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dawn M. Zibolis-Sekella

    v.                                          Civil No. 12-cv-228-JD
                                                Opinion No. 2013 DNH 107

Kevin R. Ruehrwein et al.


O R D E R

Dawn M. Zibolis-Sekella, as the administrator of the estate of her daughter, Alisha F. Zibolis, brought a wrongful death suit against Kevin R. Ruehrwein and his employer, Clifford W. Perham, Inc. ("Perham"), alleging claims for negligence and negligence per se against Ruehrwein and claims for respondeat superior and negligent hiring, training, and supervision against Perham.  The claims arise from the circumstances of Zibolis's death in a collision with a truck driven by Ruehrwein.

Zibolis-Sekella moves to exclude the portion of the testimony of Dr. Colleen Scarneo, one of the defendants' experts, which deals with the possible effect of Zibolis's use of Oxycodone in causing the accident.  Zibolis-Sekella's motion does not seek to exclude Scarneo's factual testimony concerning the presence of Oxycodone in Zibolis's system.  The defendants move to exclude a portion of the testimony of Dr. David Benjamin, one of Zibolis-Sekella's experts.

In response to the defendants' objection to Zibolis-Sekella's motion to exclude Scarneo's testimony, Zibolis-Sekella filed a reply.  The defendants move to strike the reply, arguing that Zibolis-Sekella did not move for leave to file a reply and did not give the court or the defendants' counsel notice of her intent to file a reply, as required by the local rules.  See LR 7.1(e)(2).  Zibolis-Sekella did not comply with Local Rule 7.1(e)(2) and did not file a response to the defendants' motion to strike.  Accordingly, the defendants' motion to strike Zibolis-Sekella's reply to their objection is granted.

Background

On January 20, 2011, Alisha Zibolis was killed when the car she was driving collided with the truck driven by Kevin Ruehrwein at the intersection of Route 101 and Wilton Road in Milford, New Hampshire.  The parties dispute who had the green light at the time of the accident.  Testing on blood drawn from Zibolis and Ruehrwein following the accident showed that Zibolis had Oxycodone in her system and that Ruehrwein had Suboxone in his system.

In this action, Zibolis-Sekella alleges that Ruehrwein was negligent in failing to stop for a red light at the intersection, in failing to operate the truck at a reasonable speed, in failing

to yield the right of way, in failing to keep a proper look out, in failing to keep the truck under control, in failing to avoid the collision, and in driving under the influence of a controlled drug.

## Discussion

Zibolis-Sekella seeks to exclude part of the opinion and testimony of Dr. Colleen Scarneo, a criminalist/forensic toxicologist at the New Hampshire Forensic Laboratory. The defendants seek to exclude part of the opinion and testimony of one of Zibolis-Sekella's experts, Dr. David Benjamin.

"The touchstone for the admission of expert testimony in federal court litigation is Federal Rule of Evidence 702." Crowe v. Marchand, 506 F.3d 13, 17 (1st Cir. 2007). Under that rule, an expert may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. As the structure of the rule suggests, before the factfinder in a case can consider testimony over an adverse party's objection, the court serves as a gatekeeper, "ensuring

that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993); see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999).

Although the proponent of an expert witness bears the burden of proving the admissibility of his opinion, see Daubert, 509 U.S. at 592, the burden is not especially onerous, because "Rule 702 has been interpreted liberally in favor of the admission of expert testimony." Levin v. Dalva Bros., Inc., 459 F.3d 68, 78 (1st Cir. 2006); see also Chadwick v. WellPoint, Inc., 561 F.3d 38, 48 (1st Cir. 2009). Thus, so long as "an expert's scientific testimony rests upon 'good grounds, based on what is known,'" Rule 702 does "not require that [the proponent] carry the burden of proving to the judge that the expert's assessment of the situation is correct." Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 85 (1st Cir. 1998) (quoting Daubert, 509 U.S. at 590). Instead, "any flaws in [an expert's] opinion may be exposed through cross-examination or competing expert testimony." United States v. Mooney, 315 F.3d 54, 63 (1st Cir. 2002) (citing Ruiz-Troche, 161 F.3d at 85).

I.   <u>Zibolis-Sekella's Motion To Exclude Scarneo</u>

Zibolis-Sekella does not challenge Scarneo's factual testimony concerning the results of Zibolis's blood test taken after the accident.  Rather, Zibolis-Sekella challenges Scarneo's statements that the Oxycodone in Zibolis's system at the time of the accident "suggest[s] possible impairment," "could possibly have contributed to the crash," and that without knowing how long Zibolis had been abusing Oxycodone and her tolerance levels, Scarneo "cannot make an absolute conclusion on impairment."[1] Zibolis-Sekella contends that Scarneo's statements are not relevant and that the statements are unfairly prejudicial due to the lack of relevance.  In response, the defendants argue that Scarneo's statements concerning the possible effect of Zibolis's use of Oxycodone in causing the accident are relevant to Zibolis's future earning capacity.  The defendants do not argue that the statements are relevant to causation.

---

[1] The only language in the defendants' expert disclosure concerning Scarneo's proposed testimony regarding the effects of Oxycodone is her opinion that Oxycodone "could have contributed to the accident."  The additional portion of Scarneo's opinion that Zibolis-Sekella seeks to exclude, including that Scarneo could not make a conclusion on impairment without knowing Zibolis's tolerance level or how long she had been using the drug, is based on Sergeant Furlong's police report, in which Furlong recounts what Scarneo told him concerning Zibolis's use of Oxycodone and the possible impact on the accident.

5

As with all evidence, expert testimony must be relevant to an issue in the case. See, e.g., United States v. Pena, 586 F.3d 105, 110 (1st Cir. 2009). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Expert testimony must be relevant "not only in the sense that all evidence must be relevant, see Fed. R. Evid. 402, but also in the incremental sense that the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in issue." Ruiz-Troche, 161 F.3d at 81. Relevance for purposes of Rule 702 is interpreted liberally. See, e.g., Mitchell v. United States, 141 F.3d 8, 14 (1st Cir. 1998).

Scarneo's opinions challenged by Zibolis-Sekella in her motion pertain only to whether Zibolis's use of Oxycodone might have caused or contributed to cause the accident. Those opinions neither address nor are they relevant to the effect of drug use on Zibolis's earning capacity, and the defendants have not offered any explanation to the contrary.

Scarneo's opinions about causation are based on mere possibilities and speculation. Such opinions do not meet the requirements of Rule 702. See Curtis v. M & S Petroleum, Inc.,

6

174 F.3d 661, 668 (5th Cir. 1999) (Rule 702 requires "that the testimony must be grounded in the methods and procedures of science and must be more than unsupported speculation or subjective belief."); see also Gen. Elec. Co. v. Joiner, 552 U.S. 136, 146 (1997) (court may exclude an expert opinion if it "conclude[s] that there is simply too great an analytical gap between the data and the opinion offered"); J.B. Hunt Trans., Inc. v. GM Corp., 243 F.3d 441, 444 (8th Cir. 2001) ("Expert testimony that is speculative is not competent proof and contributes nothing to a legally sufficient evidentiary basis.") (internal quotation marks and citation omitted).  In addition, any minimal probative value of Scarneo's opinion would be substantially outweighed by a danger of unfair prejudice and confusion of the issues.  See Fed. R. Evid. 403.  Therefore, Scarneo's opinions about causation are excluded.

Accordingly, Zibolis-Sekella's motion to exclude Scarneo's testimony concerning the possible effect of Zibolis's use of Oxycodone in causing the accident is granted.

II.  The Defendants' Motion To Exclude Benjamin

The defendants move to preclude part of the proposed testimony of Dr. David Benjamin, one of Zibolis-Sekella's experts, who is expected to testify regarding the effects of

7

Oxycodone and the levels of the drug found in Zibolis's system after the accident. Benjamin is also expected to "comment on Suboxone," including the properties and side effects of the drug.

The defendants move to preclude Benjamin's opinion as to Suboxone. They argue that his opinion is irrelevant because it concerns the possible consequences of use or misuse of Suboxone and that it is undisputed that Ruehrwein did not misuse the drug at the time of the accident. They further argue that any probative value, though they maintain that there is none, would be substantially outweighed by the danger of unfair prejudice. Zibolis-Sekella argues that evidence concerning the possible side effects of Suboxone is relevant because Ruehrwein had been taking the drug for several years, including on the day of the accident, and the jury is therefore entitled to know information concerning the drug.

There is no evidence in the record, and Zibolis-Sekella does not appear to argue, that Ruehrwein was misusing Suboxone on the day of the accident or that Ruehrwein was or could have been suffering from any of the potential side effects of Suboxone on the day of the accident. Even if Ruehrwein had been suffering from any side effects, Zibolis-Sekella also does not explain how those side effects could have contributed to the accident. Although Zibolis-Sekella argues that she is unaware of whether

Reuhrwein had been misusing the drug in the past, she fails to explain why Reuhrwein's possible past misuse of the drug would be causally related to the accident or relevant to this case.[2]

In short, other than the fact that Ruehrwein was taking Suboxone consistent with his doctor's prescription on the day of the accident, Zibolis-Sekella has not explained why Suboxone or its potential side effects are relevant to this action.[3] Accordingly, Benjamin's "comment" on Suboxone, if admitted, would not assist the trier of fact to understand or determine a fact in issue and is therefore precluded.  See Ruiz-Troche, 161 F.3d at 81.

---

[2] Zibolis-Sekella requests in her motion that it "be ruled upon after a determination of" her motion to compel Ruehrwein's medical records.  The court issued an order on July 17, 2013, denying the motion to compel.

[3] Zibolis-Sekella argued in her motion to exclude Scarneo's testimony concerning Oxycodone that "[t]here has been no proffer that the taking of oxycodone [sic] by Alisha Zibolis more probably than not had any role in the accident and no witness has testified that Alisha Zibolis appeared impaired to any degree." The same can be said for Ruehrwein's use of Suboxone, as Zibolis-Sekella's motions in limine argue that "[t]he issue in this case is at the time of the collision which driver had a green light and which driver had a red light at the intersection of Wilton Road and Route 101 and thus who was at fault."  Pl.'s Mot. to Excl. Furlong at 6; see also Pl.'s Mot. to Excl. Scarneo at 6. None of Zibolis-Sekella's motions in limine or her opposition to the defendants' motion in limine suggest that Suboxone was causally related to the accident.

Conclusion

For the foregoing reasons, Zibolis-Sekella's motion in limine to exclude the portion of Colleen Scarneo's testimony regarding the possible effect of Zibolis's use of Oxycodone in causing the accident (document no. 12) is granted.  The defendants' motion to strike Zibolis-Sekella's reply to their objection to the motion in limine to preclude Scarneo's testimony (document no. 22) and the defendants' motion in limine to exclude the portion of David Benjamin's testimony concerning Suboxone (document no. 15) are granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 8, 2013

cc:   Robert M. Parodi, Esquire
      Hector E. Zumbado, Esquire