```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Dawn M. Zibolis-Sekella,
Administrator of the Estate
of Alisha F. Zibolis

    v.                                    Civil No. 12-cv-228-JD
                                                Opinion No. 2013 DNH 136

Kevin R. Ruehrwein and
Clifford W. Perham, Inc.

O R D E R

This is a wrongful death action brought by Dawn M. Zibolis-Sekella on behalf of the estate of her daughter, Alisha F. Zibolis, against Kevin R. Ruehrwein and his employer, Clifford W. Perham, Inc. ("Perham"). There is currently pending for trial a claim for negligence against the defendants. The claim arises from the circumstances of Zibolis's death in a collision with a truck driven by Ruehrwein.

The defendants move, in limine, to exclude evidence that Ruehrwein used Suboxone, evidence of two incidents of using false names to obtain drugs, evidence of a summons for unauthorized taking, and Ruehrwein's failure to disclose two prior arrests and use of prescription medication to police following the accident. Zibolis-Sekella moves, in limine, to allow evidence of Ruehrwein's drug use and objects to the defendants' motions.

## Background

The collision at issue in this case occurred on January 20, 2011, at an intersection that is controlled by a traffic light. Ruehrwein was driving a tractor-trailer truck on Route 101, and Zibolis was driving a Saturn sedan on Wilton Road in Milford, New Hampshire. Ruehrwein is expected to testify that he had the green light and that Zibolis drove through a red light, causing the collision.

Years before the accident, Ruehrwein was addicted to pain medication until he began treatment in 2005. As part of his treatment, Ruehrwein was prescribed Suboxone, which he was taking at the time of the accident. In 2004, before he began treatment, Ruehrwein used a false name on two occasions in order to obtain prescriptions for pain medication which resulted in complaints against him. Ruehrwein was not convicted based on either complaint.

In 2008, Ruehrwein was involved in an incident in which he pumped gas at an Irving Gas Station and drove away without paying. The police were called, and Ruehrwein was issued a summons for unauthorized taking or transfer. The charges were later dismissed.

After the collision with Zibolis, a Milford police officer interviewed Ruehrwein. As part of the questioning, the officer

asked Ruehrwein about his criminal record.  Ruehrwein responded that the last time he was arrested was for under age drinking when he was a teenager.  That answer was false because Ruehrwein had been arrested in the 1980s for failing to pay traffic ticket fines.  The officer also asked Ruehrwein if he were taking any medication.  Ruehrwein said that he was not taking medication when in fact he was taking Suboxone.  Suboxone is a disqualifying medication for commercial driving.

## Discussion

The defendants contend that evidence that Ruehrwein took Suboxone and that he had taken Suboxone on the day of the accident is not admissible because the evidence is not relevant and would be unfairly prejudicial.  The defendants also contend that the 2004 false name incidents, the summons for unauthorized taking, Ruehrwein's failure to disclose prior arrests, and Ruehrwein's failure to disclose his use of Suboxone are not admissible character evidence under Federal Rule of Evidence 608(b).  Zibolis-Sekella moves to allow the evidence of Ruehrwein's drug use and objects to the defendants' arguments related to subjects of inquiry under Rule 608(b).

A.  <u>Relevance</u>

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence[] and [] the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The proponent of the evidence bears the burden of showing that it is relevant and admissible.  <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991); <u>DiMare v. RealtyTrac, Inc.</u>, 714 F. Supp. 2d 199, 206 (D. Mass. 2010).

Zibolis-Sekella provides no admissible evidence that Ruehrwein's use of Suboxone had any causal connection to the accident.  The parties, through counsel, have now stipulated that the Suboxone that Ruehrwein had taken before the accident and the Oxycodone that Zibolis had taken before the accident had no effect that was causally related to the accident.  To the extent Zibolis-Sekella has evidence of Ruehrwein's drug use in 2004, that evidence has no causal connection to the accident which occurred in 2011.  Therefore, the drug use evidence is not relevant to show Ruehrwein's negligence in the accident.

4

B.  Character for Truthfulness

Rule 608(b) provides that except for evidence of a criminal conviction, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  On cross-examination, however, such specific instances of conduct may be inquired into "if they are probative of the character for truthfulness or untruthfulness of . . . the witness . . . ."  Id. Rule 608(b).  Rule 404(b) operates differently and does not affect the application of Rule 608(b).  United States v. Bayard, 642 F.3d 59, 63 (1st Cir. 2011).  Rule 608(b) is subject to Rule 403, however, which requires the court to balance probative worth of the evidence against "the danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  See United States v. Shinderman, 515 F.3d 5, 16-17 (1st Cir. 2008).

1.  False Name Incidents

The two charges in 2004 against Ruehrwein for attempting to acquire pain killers by using a false name occurred when Ruehrwein was abusing pain killers.  Because of Ruehrwein's drug dependency at that time, his actions in 2004 are not necessarily

5

probative of his character for truthfulness now.  In addition, questioning about the false name incidents will necessarily introduce the issue of Ruehrwein's former drug abuse, which is not relevant to any claim in the case and would be unfairly prejudicial.  Zibolis-Sekella's counsel cannot inquire into the false name incidents.

    2.  <u>Examination for Commercial Driver Fitness Determination</u>

Ruehrwein completed forms that are titled "Medical Examination Report for Commercial Driver Fitness Determination" in 2012, 2010, 2008, 2006, and 2004.  On each form, Ruehrwein checked "NO" for "Narcotic or habit forming drug use."  In the box that asked him to list all medications, he wrote "no medications" in 2012 and 2010, left the lines blank in 2008 and 2004, and indicated that he was not taking medications in 2006.  Ruehrwein acknowledges, however, that he began taking Suboxone in 2005, that his medication was changed in 2011, and that he began taking Clonindine in 2012.

Ruehrwein's drug addiction issues in 2004 and the remoteness in time reduce the probative value of Ruehrwein's answers on the 2004 Medical Examination Report for Commercial Driver Fitness Determination form.  Therefore, the balancing required under Rule 403 weighs against allowing inquiry about the 2004 form.

As to the 2006, 2008, 2010, and 2012 forms, "a witness's willingness to lie to the government in an application for a license is highly probative of his character for truthfulness." Shinderman, 515 F.3d at 17.  Ruehrwein's pattern of lying on the forms, even in 2012 after the accident, is significant and probative of his character for truthfulness as a witness in this case.  Therefore, counsel may inquire about Ruehrwein's answers on the 2006, 2008, 2010, and 2012 forms.

3. Summons for Unauthorized Taking

The incident in 2008 when Ruehrwein drove away without paying for gas is not necessarily probative of his character for truthfulness.  He may have mistakenly left without paying, as he contends, and charges were dropped.  It would be a waste of time to allow this collateral issue to be addressed, particularly when its probative value is questionable under the circumstances.  Therefore, counsel may not inquire about the unauthorized taking incident.

4. Failure to Disclose Suboxone

When questioned by the Milford police following the accident, Ruehrwein said that he did not take any prescription medication.  Nevertheless, the post-accident laboratory test

7

results showed that Ruehrwein had Suboxone in his system. Ruehrwein does not deny that he had taken Suboxone, as prescribed, before the accident or that the test results showed Suboxone in his system.

Ruehrwein's failure to disclose his prescription medication when asked by a police officer at the scene of the accident is probative of his character for truthfulness. Counsel may inquire about Ruehrwein's response to the police concerning his prescription medications. To avoid any unfair prejudice due to speculation about what effect Suboxone might have had in causing the accident, counsel shall not use the name Suboxone but instead shall refer to it ONLY as "the prescription medication." The court will instruct the jury in accordance with the stipulation by counsel that the medication had no effect on Ruehrwein that was causally related to the accident.

4. <u>Failure to Disclose Prior Arrests</u>

Ruehrwein had been arrested in the 1980s for failure to pay traffic tickets. When questioned by the police following the accident, Ruehrwein denied having prior arrests. Although the arrests occurred many years ago, Ruehrwein does not suggest that he had forgotten about them. Instead, he knowingly gave a false answer.

Counsel may inquire about Ruehrwein's response to the police concerning his prior arrests.

Conclusion

For the foregoing reasons, the defendants' motion to exclude evidence that Ruehrwein had used Suboxone (document no. 43), the defendants' motion to exclude character evidence (document no. 42), and the plaintiff's motion to allow evidence of drug use (document no. 54) are granted in part and denied in part.

Plaintiff's counsel may inquire of Ruehrwein, under Rule 608(b), as follows: (1) about his responses on the forms titled Medical Examination Report for Commercial Driver Fitness Determination in 2012, 2010, 2008, and 2006 pertaining to his medications, (2) about his responses to the Milford police pertaining to prescription medication at the time of the collision, and (3) about his responses to the Milford police pertaining to his criminal record.  Counsel shall not refer to the medication by name.

For purposes of Rule 608(b), counsel may inquire about the incidents listed above but may not introduce extrinsic evidence to prove that those incidents occurred or to impeach Ruehrwein's answers.  Counsel, however, may use documentary evidence, such as the Medical Examination Report for Commercial Driver Fitness

Determination forms from 2006, 2008, 2010, and 2012, to refresh Ruehrwein's recollection, if necessary, without identifying or showing the documents to the jury. See Shinderman, 515 F.3d at 18.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 8, 2013

cc: Robert M. Parodi, Esquire
    Hector E. Zumbado, Esquire