UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dawn M. Zibolis-Sekella,
Administrator of the Estate
of Alisha F. Zibolis

    v.                                  Civil No. 12-cv-228-JD
                                        Opinion No. 2013 DNH 135

Kevin R. Ruehrwein and
Clifford W. Perham, Inc.


O R D E R

This is a wrongful death action brought by Dawn M. Zibolis-Sekella on behalf of the estate of her daughter, Alisha F. Zibolis, against Kevin R. Ruehrwein and his employer, Clifford W. Perham, Inc. ("Perham"). There is currently pending for trial a claim for negligence against the defendants. The claim arises from the circumstances of Zibolis's death in a collision with a truck driven by Ruehrwein. Zibolis-Sekella moves, in limine, to exclude evidence of a claim made against Zibolis's estate and to exclude evidence that Ruehrwein was not prosecuted on charges arising from the collision.


Standard of Review

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence[] and

[] the fact is of consequence in determining the action." Fed. R. Evid. 401.  Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403. The proponent of the evidence bears the burden of showing that it is relevant and admissible.  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); DiMare v. RealtyTrac, Inc., 714 F. Supp. 2d 199, 206 (D. Mass. 2010).

A.   Claim Made Against Estate

   Derek Mossey was a passenger in the car with Zibolis at the time of the accident and was injured in the accident.  He brought a claim against Zibolis's estate, which was settled by the insurance company.  Mossey also brought claims against Ruehrwein and Perham, which remain pending.  Zibolis-Sekella moves to exclude all evidence and reference to Mossey's claim against Zibolis's estate as irrelevant under Rule 401 and unfairly prejudicial under Rule 403.

   In response, the defendants argue that evidence of Mossey's claim against Zibolis's estate is admissible to impeach his credibility.  Specifically, the defendants challenge Mossey's

2

testimony that he does not remember the color of the traffic light at the time of the accident.  They argue that his claim against the estate, premised on Zibolis's fault in the accident, undermines his testimony that he lacks a memory of the color of the light.  The defendants' reasoning is far from clear, and the potential for unfair prejudice outweighs any possible probative value of the claim against the estate.

The defendants also argue that under Federal Rule of Evidence 411 they are allowed to introduce evidence of liability insurance to show bias or prejudice.[1]  The defendants state that evidence that Mossey recovered under Zibolis's insurance policy is relevant because "[i]f the Plaintiff wins this case, collateral estoppel would handedly [sic] allow Mr. Mossey to also pursue an action against the Defendants in this case."  Again, the defendants' theory is far from clear as Mossey's recovery under Zibolis's insurance does not appear to be related to the operation of collateral estoppel in a claim by Mossey if the estate should win this case.

---

[1] Rule 411 provides as follows: "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control."

Evidence of Mossey's claim against the estate is not admissible.  The parties, witnesses, and counsel shall not mention the claim in opening, closing, testimony, or questions to witnesses.

B.  Evidence of Nonprosecution

Zibolis-Sekella moves to preclude the defendants from introducing evidence that Ruehrwein was not prosecuted on charges arising from the accident.  In support, she argues that the lack of charges against Ruehrwein is not relevant and would be unfairly prejudicial.  The defendants argue that evidence of nonprosecution should be allowed in this case because Sergeant Kevin Furlong investigated the accident and arrived at a "ratified conclusion" that Ruehrwein was not at fault and that Ruehrwein should be allowed to rebut any accusations of criminal conduct.

"[E]vidence of non-arrest, like evidence of nonprosecution or acquittal of a crime, is generally inadmissible in a civil trial concerning the same incident."  Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 147 (3d Cir. 2002); accord Lacaillade v. Loignon Champ-Carr, Inc., 2011 WL 6020703, at *7 (D.N.H. Dec. 2, 2011).  The court previously ruled that Furlong's opinion on fault was inadmissible because it lacked the reliability required

4

under Federal Rule of Evidence 702.  See Doc. no. 34 at 18-19 (granting plaintiff's motion to exclude Furlong's opinion). Similarly, the same opinion in Furlong's report is not admissible under Federal Rule of Evidence 803(8).  Therefore, the defendants will not be allowed to introduce evidence in their case in chief that Furlong, or anyone else, decided not to prosecute Ruehrwein following the accident.

The defendants also argue that the decision not to prosecute Ruehrwein is admissible to rebut testimony by Zibolis-Sekella and other witnesses that Ruehrwein acted criminally.  That determination can only be made in the trial context.  If a party or witness opens the door by testifying that Ruehrwein broke laws or acted criminally, the evidence that he was not prosecuted on charges arising from the accident likely will be allowed to rebut such testimony.

## Conclusion

For the foregoing reasons, the plaintiff's motion to exclude evidence of claim by passenger (document no. 53) is granted.  The plaintiff's motion to exclude evidence of nonprosecution (document no. 52) is granted as to the defendant's case in chief but will be revisited at trial if the plaintiff or her witnesses

open the door, as is described above, in which case the evidence may be allowed in rebuttal.

No party, witness, or counsel shall mention the claims brought against Zibolis's estate by Derek Mossey. No party, witness, or counsel shall mention that Ruehrwein was not prosecuted on charges arising from the accident, unless and until the court rules that such evidence will be allowed on rebuttal.

SO ORDERED.

                                               Joseph A. DiClerico, Jr.
                                               United States District Judge

October 8, 2013

cc: Robert M. Parodi, Esquire
     Hector E. Zumbado, Esquire